PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BASILIO GONZALEZ, | ) | CASE NO. 4:11CV00178 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RODDIE RUSHING, et al., | ) | |
| | ) | **MEMORANDUM AND ORDER OF** |
| Defendants. | ) | **OPINION** |

*Pro se* Plaintiff Basilio Gonzales' filed this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and §2671 and *Bivens,*[1] the Due Process Clause of the Fourteenth Amendment, and the Eighth Amendment against the United States, Corrections Corporation of America ("CCA"), and Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing. ECF No. 1-1. Plaintiff Gonzales seeks monetary and injunctive relief for Defendants allegedly allowing tear gas from an outdoor training exercise to seep into Plaintiff's housing unit while sleeping. ECF No. 1-1 at 5.

For the reasons that follow, the instant cause of action shall proceed solely as to Plaintiff Gonzales' Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Warden Rushing.

---

[1] *See Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff cites to 42 U.S.C. § 1983; however, Plaintiff's complaint does not allege actions under color of *state* law. Mr. Gonzales is a federal prisoner, in the custody of the Bureau of Prisons. ECF No. 1-1 at 5. *Bivens* provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983. *Bivens,* 403 U.S. at 392-98.

(4:11CV00178)

## I. Factual Background

Plaintiff is a federal inmate incarcerated at NEOCC, a private prison owned and operated by CCA. ECF No. 1-1. Plaintiff alleges the prison's SWAT team was conducting training exercises on the roof of the prison between 3:00 a.m. and 4:30 a.m. on September 23, 2010. ECF No. 1-1 at 2. At some point in the training, the officers discharged tear gas. ECF No. 1-1 at 2. As they continued their activities, the gas began to seep through the ventilation system into the housing units where the inmates were sleeping. ECF No. 1-1 at 2. Plaintiff awoke to find he was having difficulty breathing. ECF No. 1-1 at 2. Plaintiff, in an effort to get fresh air, attempted to open his cell door but it was locked. ECF No. 1-1 at 2. Plaintiff tried to get the attention of an officer in the unit, but saw there was no officer in "the bubble." ECF No. 1-1 at 2. Plaintiff alleges that although one of the officers in the unit was later taken to the hospital for treatment, the inmates in the units were not evacuated. ECF No. 1-1 at 2.

Plaintiff filed grievances; however, all of them were denied. ECF No. 1-2. Plaintiff claims the Defendants were negligent in their use of tear gas, denied him due process, and subjected him to cruel and unusual punishment. ECF No. 1-1 at 4.

## II. Discussion

*Pro se* pleadings are to be construed liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court is required to dismiss an *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e) if the complaint fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

-2-

(4:11CV00178)

fact.[2]  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed, in part, pursuant to § 1915(e).

### A. Federal Tort Claims Act

Plaintiff first seeks relief against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Generally, the United States government may not be sued without its consent, based on the theory of sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 814 (1976). The United States, subject to certain exceptions, waives its sovereign immunity for the negligent acts of government employees pursuant to the FTCA. 28 U.S.C. § 1346(b)(1); *see Montez v. United States*, 359 F.3d 392, 395 (6th Cir.2004).

The United States, however, has only waived sovereign immunity for acts committed by federal employees or agencies. 28 U.S.C. § 1346(b)(1). For purposes of federal tort claims, "government employees" are defined as "officers and employees of any federal agency." 28 U.S.C. § 2671. The definition does not include independent contractors such as CCA, or the employees of independent contractors. *See United States v. Orleans*, 425 U.S. 807, 813-14 (1976).

The actions that give rise to Plaintiff's tort claim were committed by employees of CCA,

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV00178)

an independent contractor.  ECF No. 1-2 at 1.  Consequently, the United States is not liable for these acts pursuant to the FTCA, and the claim against the United States must be dismissed.

### B. Due Process

Plaintiff next claims he was denied due process.  ECF No. 1-1 at 3.  This assertion is not well pleaded and can be construed in at least two ways.  First, it is possible Plaintiff is asserting he was denied due process when his grievances were denied.  It is also possible, however, Plaintiff is claiming the actions of the SWAT team were so egregious that they denied him substantive due process.  The Court will examine both of these claims.

#### 1. Procedural Due Process

To the extent Plaintiff asserts he was denied due process because his grievances were denied, his claim is without merit.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability in a civil rights action.  *See Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).  Accordingly, this claim is dismissed.

#### 2. Substantive Due Process

To the extent Plaintiff is claiming he was denied substantive due process, he fails to state a claim upon which relief can be granted.  Pursuant to the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty."  *Palko v. Connecticut,* 302 U.S. 319, 325 (1937).  Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute.  *See Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993).  In addition, in substantive due

(4:11CV00178)

process claims, courts have invalidated laws or actions of government officials that "shock the conscience." *United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *See Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Consistent with this principle, simple negligence will not support a substantive due process violation. *See Daniel v. William,* 474 U.S. 327, 332 (1986) ("[A]t a minimum, the standard requires a showing beyond mere negligence."); *see also County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998). Generally, Fourteenth Amendment liability will attach to "conduct intended to injure in some way unjustifiable by any governmental interest." *See Id.*; *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 491 (6th Cir. 2002).

Plaintiff alleges the Defendants were negligent in their use of tear gas and did not anticipate that it might seep into the housing units through the ventilation system.[3] ECF No. 1-1 at 2. This allegation does not reasonably suggest the actions of the Defendants were such an abuse of authority that they exceeded the bounds of ordinary tort law and rose to the level of a Constitutional violation. Accordingly, the due process claims must be dismissed.

---

[3] The SWAT team clearly did not intend for tear gas to seep into the ventilation system, and there is nothing to suggest an abuse of authority by the team members. ECF No. 1-1.

(4:11CV00178)

### C. Eighth Amendment

Finally, Plaintiff asserts an Eighth Amendment claim which can be construed in two ways. It is possible he is asserting his claim based on his exposure to the tear gas. Plaintiff may also be asserting a claim for deliberate indifference to serious medical needs. The Court will consider both of these claims.

#### 1. Eighth Amendment Legal Standard

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court, in *Wilson v. Seiter*, set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. 501 U.S. 294, 298-9 (1991). A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.

A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* at 8. Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are

-6-

(4:11CV00178)

met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While both of Plaintiff's possible Eighth Amendment claims arguably satisfy the objective component, only one of his claims sets forth allegations to satisfy the subjective requirement as well, as discussed below.

### 2. Exposure to Tear Gas

Plaintiff claims the SWAT officers were negligent in allowing the tear gas to seep into the housing units through the ventilation system. ECF No. 1-1 at 2. To state a claim for relief for cruel and unusual punishment, Plaintiff must show that prison officials acted with deliberate indifference to deprive him of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id*. at 837. Mere negligence will not suffice. *Id*. at 835-36.

Because Plaintiff claims the officers actions were merely negligent, the claim for negligent exposure to tear gas does not satisfy the subjective element of an Eighth Amendment claim and, therefore, must be dismissed.

### 3. Indifference to Serious Medical Needs

Plaintiff's assertion of deliberate indifference to serious medical needs states a plausible claim for relief. Plaintiff contends an officer in the unit who was exposed to tear gas was taken to the hospital for treatment, while the inmates likewise exposed were not evacuated from the unit. ECF No. 1-1 at 2. In order to survive dismissal for failure to state a claim, a court must

(4:11CV00178)

"look for plausibility in th[e] Complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

Assuming the truth of the allegations, Plaintiff states a plausible claim for relief pursuant to the Eighth Amendment for deliberate indifference to serious medical needs. The Court now must consider whether Defendants are proper as to that claim.

### 4. Whether Defendants are Proper

Although Plaintiff has stated an arguable claim for relief, it is not properly asserted against some of the Defendants. The Court considers the claim as to each defendant in turn.

#### a. The United States

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *See McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *See U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

The United States has not waived sovereign immunity pursuant to a *Bivens* claim and therefore cannot be sued in a *Bivens* action. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Accordingly, the Eighth Amendment claim against the United States must be dismissed.

-8-

(4:11CV00178)

### b. Corrections Corporation of America

CCA also is not a proper party to a *Bivens* action.  CCA, which owns and operates NEOCC, is a private corporation.  A private corporation cannot be sued for damages pursuant to *Bivens*.  *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001) (expressly declining to expand a *Bivens* cause of action to federal prisoners against the private corporation that operates the prison).  Accordingly, the Eighth Amendment claim against CCA must be dismissed.

### c. Warden Rushing

Warden Roddie Rushing, an employee of CCA, is a proper party.  An offending individual officer acting under color of federal law is subject to a *Bivens* action.  *See Correctional Services Corporation*, 534 U.S. at 72 (noting that a federal prisoner in a privately operated prison may bring a *Bivens* claim against the offending individual officer).  The Eighth Amendment claim pursuant to *Bivens* against Defendant Rushing will proceed.

### III. Conclusion

Plaintiff's claims under the Federal Torts Claims Act, the Due Process claim, and the Eighth Amendment claim pertaining to his exposure to tear gas are dismissed pursuant to 28 U.S.C. §1915(e).  Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs is dismissed against the United States and CCA.  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision can not be taken in good faith.

This action shall proceed solely on Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Warden Rushing.  The Clerk's Office is

-9-

(4:11CV00178)

directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant Rushing.

    IT IS SO ORDERED.

| | |
|---|---|
| June 15, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |