PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BASILIO GONZALEZ, | ) | CASE NO. 4:11CV00178 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RODDIE RUSHING, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF Nos. 20, 21) |

Before the Court is Defendant Warden Roddie Rushing's Motion to Dismiss *Pro se*

Plaintiff Basilio Gonzalez's Eighth Amendment claim for deliberate indifference to serious

medical needs (ECF No. 20) and Motion for Summary Judgment as to Exhaustion of

Administrative Remedies (ECF No. 21).[1]

For the reasons discussed below, the Court denies Defendant's motions as moot and

dismisses the cause of action *sua sponte* pursuant to 28 U.S.C. § 1915(e) in light of the United

States Supreme Court's recent ruling in *Minneci v. Pollard*, 565 U. S. ____, 2012 WL 43511

at* 10, slip op. (U.S. Jan. 10, 2012) .

## I. Background

Plaintiff is a federal inmate incarcerated at Northeast Ohio Correctional Center

---

[1]  Plaintiff initially filed this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671 and *Bivens,* the Due Process Clause of the Fourteenth Amendment, and the Eighth Amendment against: the United States, Corrections Corporation of America ("CCA"), and Northeast Ohio Correctional Center ("NEOCC"), and Warden Roddie Rushing. ECF No. 1-1.  In an earlier ruling, the Court held that the cause of action shall proceed solely as to Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Rushing and dismissed all other claims.  *See* ECF No. 5.

(4:11CV00178)

("NEOCC"), a private prison owned and operated by Corrections Corporation of America ("CCA"). ECF No. 1-1. Plaintiff alleges the prison's SWAT team was conducting training exercises on the roof of the prison between 3:00 a.m. and 4:30 a.m. on September 23, 2010. ECF No. 1-1 at 2. At some point during the training, the officers discharged tear gas. ECF No. 1-1 at 2. As they continued their activities, the gas began to seep through the ventilation system into the housing units where the inmates were sleeping. ECF No. 1-1 at 2. Plaintiff awoke to find he was having difficulty breathing. ECF No. 1-1 at 2. Plaintiff, in an effort to get fresh air, attempted to open his cell door but it was locked. ECF No. 1-1 at 2. Plaintiff tried to gain the attention of an officer in the unit, but saw there was no officer in "the bubble." ECF No. 1-1 at 2. Plaintiff alleges that although one of the officers in the unit was later taken to the hospital for treatment, the inmates in the units were not evacuated. ECF No. 1-1 at 2. Plaintiff filed grievances; however, all of them were denied. ECF No. 1-2.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Rushing. ECF Nos. 1-1 at 4; 5.

## II. Discussion

### A. Federal Rule of Civil Procedure 12(b)(6)

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In scrutinizing a complaint, the Court is required to take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S.

2

(4:11CV00178)

89, 94 (2007) (internal citations omitted).

Pursuant to Rule 12(b)(6), Defendant Rushing moves to dismiss Plaintiff's Complaint for failure to allege actionable conduct under the Eighth Amendment. ECF No. 20 at 7-10. Specifically, Defendant Rushing argues that Plaintiff's allegations do not suggest that Rushing acted with deliberate indifference to Plaintiff's safety, a requirement imposed by the United States Supreme Court. ECF No. 20 at 8-9. Defendant Rushing further alleges that he cannot be held liable for the actions of others under the doctrine of *respondeat superior*. ECF No. 20 at 10-12.

After Plaintiff filed the instant action, the United States Supreme Court issued its opinion in *Minneci v. Pollard*, 565 U. S. ____, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012) that severely curtails the type of *Bivens* claims brought against employees of a private prison. The Supreme Court explained:

> A federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving [negligent medical care which is] at issue here), the prisoner must seek a remedy under state tort law.

*Id*. Because Plaintiff's Eighth Amendment *Bivens* claim is asserted against employees of a private prison corporation, it cannot proceed. A *Bivens* remedy is not available under these circumstances. *Id*. Consequently, Defendant Rushing's Motion to Dismiss is denied as moot (ECF No. 20), as there is no viable claim to be dismissed.

**B. Federal Rule of Civil Procedure 56(c)**

Because there is no viable Eighth Amendment *Bivens* claim, the Court need not address

(4:11CV00178)

the merits of Defendant Rushing's Motion for Summary Judgment as to Exhaustion of

Administrative Remedies, and denies that motion as moot (ECF No. 21).

### C.  28 U.S.C. § 1915(e)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).

As stated above, Plaintiff's Complaint lacks an arguable basis in law.  His claim asserts

what is best described as a state tort law offense under the guise of *Bivens*.  The Supreme Court's

decision in *Minneci v. Pollard*,  565 U. S. _____ , 2012 WL 43511 at *10 has made clear that

---

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV00178)

*Bivens* does not support the cause of action assert by Plaintiff. This case is dismissed without

prejudice to any state law claims that Plaintiff may have, pursuant to 28 U.S.C. § 1915(e).

### III. Conclusion

Accordingly, Defendant's Motion to Dismiss is denied as moot (ECF No. 20);

Defendant's Motion for Summary Judgment as to Exhaustion of Administrative Remedies is

denied as moot (ECF No. 21); and, this cause of action is dismissed without prejudice to any

State law claims Plaintiff may have pursuant to 28 U.S.C. §1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[3]


IT IS SO ORDERED.


February 17, 2012                        */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                         United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

5